IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON QUINTANA,

    Plaintiff,

v.                                                                                                         CIV 17-1142 JHR/LF

STATE OF NEW MEXICO
DEPARTMENT OF HEALTH,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court *sua sponte* and on Defendant's Motion to Dismiss (*Doc. 14*), filed January 24, 2018. For the reasons stated below, the Court concludes that it lacks subject-matter jurisdiction over this case and, therefore, will dismiss this case without prejudice and deny Defendant's Motion as moot.

## **BACKGROUND**

As stated in the Complaint and supplements thereto, *see Docs. 1*, *3*, *8*, *& 10*, Plaintiff Shannon Quintana was the proprietor of *Bad Ass Sandwich Company*, located in Santa Fe, New Mexico, until his reputation was ruined after he agreed to cater a holiday luncheon for the Defendant, the Department of Health for the State of New Mexico, in December 2016. *Doc. 10* at 1. Without delving into the minutia of the Complaint, the facts are as follows: Plaintiff was hired to cater the event in question in November, 2016. *Id.* at 1. Plaintiff was hired despite the fact that he does not have a catering license and did not regularly cater events, a fact that he made known to Defendant. *Id.* at 2. Additionally, none of the food items requested by Defendant were on Plaintiff's regular menu. *Id.* In order to keep certain hot items at the proper temperature, Plaintiff requested and was permitted access to the on-site kitchen in advance of the event. *Id.* On

1

the day of the event, however, Plaintiff was denied access to the on-site kitchen. *Id.* at 3. Nonetheless, Plaintiff set up and served the food that he had prepared. *Id.* at 4.

A few days later Plaintiff got "slapped" with a permit violation from the New Mexico Environmental Department for serving food without a catering license. *Id.* at 5. More importantly, he was called by a Department of Health staffer who reported that a few Department employees complained of stomach aches after the event. *Id.* at 5. Ultimately, the Department reported to the news media that seventy-one employees reported food poisoning and gastrointestinal issues linked to the food from Plaintiff's restaurant. *Id.* at 11. Plaintiff vehemently asserts that these claims are false.

As such, Plaintiff claims that the Department knowingly and purposely destroyed his reputation and business by its negligence in preparing for the holiday event, and through misstatements to the media thereafter. *Id.* at 10. On November 15, 2017, he filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *Doc. 1*. In this Complaint, Plaintiff brought negligence and defamation claims against the Department and various employees. *Id.* at 7, 17, 19. As jurisdictional grounds, Plaintiff cited 28 U.S.C. § 1343(3), 42 U.S.C. § 1983, and 28 U.S.C. § 1346(b). As amended, Plaintiff's Complaint purports to bring a negligence claim related to the Department's handling of the event under the Federal Tort Claims Act and the New Mexico Tort Claims Act, slander/libel claims stemming from its statements to the media thereafter, and a claim for defamation of character.

Defendant moved to dismiss the case on various grounds, including that none of its employees were acting under color of state law, that it is not a "person" subject to suit under 42 U.S.C. § 1983, that the Federal Tort Claims Act does not apply to state entities, and, in a footnote, that this Court does not have subject matter jurisdiction over Plaintiff's claims under

the New Mexico Tort Claims Act. The Court ultimately agrees that it does not have subject matter jurisdiction over this case.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Insofar as subject-matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings or the parties." *Tafoya v. U.S. Dept. of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984) (citation omitted). The existence of subject matter jurisdiction is a threshold inquiry which must precede any merits-based determination. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Unlike the state district court in New Mexico, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.") (quoted authority omitted). Federal subject-matter jurisdiction is generally premised upon diversity of the parties or the presence of a federal question. *See* 28 U.S.C. §§ 1331, 1332. However, neither appears to be present here.

**A) Diversity Jurisdiction**

Federal courts may have jurisdiction where parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See generally* 28 U.S.C. § 1332. Because Plaintiff's Complaint was filed on a court form, he did not assert diversity jurisdiction. However, diversity

does not appear to exist, as Plaintiff is a citizen and resident of the State of New Mexico, and he is suing a state entity. *See Depex Reina 9 P'ship v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (Under Section 1332, the plaintiff must be "of a different citizenship from all parties on the other side of the litigation[.]"). Thus, Section 1332 cannot be relied upon as a basis for jurisdiction.

### B) Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under this statute, "federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citations omitted). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* "Merely alleging that 'federal questions are involved' is insufficient to convert what appears to be a common-law negligence claim into a federal question." *Id.* "[T]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165-66 (10th Cir. 1999) (quoted authority omitted).

Here, Plaintiff relied upon a form Section 1983 Complaint which states that "[j]urisdiction is invoked pursuant to 28 U.S.C. § 1343(3), 42 U.S.C. § 1983." *Doc. 1* at 2. The form further invites a plaintiff to write in "different or additional statutes" if he seeks to invoke them. *Id.* Plaintiff wrote in "28 U.S.C. § 1346(b) FTCA – Federal Tort Claims Act[.]" *Id.* Unfortunately, Plaintiff's claims do not fit within these statutes.

First, the Court does not have jurisdiction over Plaintiff's claims under 28 U.S.C. § 1343 or 42 U.S.C. § 1983. Section 1343(a)(3) provides that

> [t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3). Likewise, Section 1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983. The Court would ordinarily have federal question jurisdiction over this case if these statutes applied. However, there are no allegations that Defendant deprived Plaintiff of any right, privilege or immunity secured by the Constitution or any federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (deprivation of a right "secured by the Constitution and [federal] laws" is a "threshold requirement of § 1983"). Rather, Plaintiff brings only common-law claims for negligence, slander/libel, and defamation.

Nor can Plaintiff's claims be brought under the Federal Tort Claims Act. *See* 28 U.S.C. § 2674. Under the Act, the "*United States* shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances[.]" *Id.* (emphasis added). Put simply, Defendant and its employees are not subject to the Federal Tort Claims Act because they are not federal agencies or employees. *See* 28 U.S.C. § 2671 (defining federal agency and employee); *see, e.g.*, *Whayne v. City of Topeka*, 959 F. Supp. 1373, 1375 (D. Kan. 1997) ("Although the district court does have federal question jurisdiction to decide claims properly related to the FTCA, Mr. Whayne has provided no facts to support any allegation that the Shawnee County

District Court or any of its employees are federal agencies or employees subject to the FTCA."). As such, this Court does not have jurisdiction under 28 U.S.C. § 1346(b), which confers "exclusive jurisdiction of civil actions on claims against the United States[.]" *Id.*

Finally, insofar as the Department of Health is an agency of the State of New Mexico, it is likely that the Eleventh Amendment provides it with immunity from a suit for damages. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 123 S.Ct. 1908 (2003) ("an assertion of Eleventh Amendment immunity concerns the subject matter of the district court"). "The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 900 F.2d 809, 810 (10th Cir. 1990) (citation omitted). Granted, "[u]nder its Tort Claims Act, the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts. . . . But that consent is limited to actions commenced in the state district courts." *Id.* (citing NMSA 1978, § 41-4-18(A)). As stated in Section 41-4-18(A): "[e]xclusive original jurisdiction for any claim under the Tort Claims Act *shall* be in the district courts of New Mexico." *Id.* (emphasis added). Thus, to the extent that Plaintiff brings his claims under the New Mexico Tort Claims Act, those claims are "relegated to the state district court[.]" *Bishop*, 900 F.2d at 810; *see, e.g.*, *Encinias v. New Mexico Highlands Univ.*, CIV 12-0835 WJ/KBM, 2012 WL 13076200, *5 (D.N.M. 2012) ("[E]ven where there is a waiver of sovereign immunity under the Tort Claims Act, claims based on that waiver cannot be brought or heard in federal court.").

## **CONCLUSION**

The Court lacks subject matter jurisdiction over this case. Accordingly, this matter must be dismissed without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil

Procedure. *See Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011) (unpublished) ("A dismissal for lack of subject matter jurisdiction must be without prejudice because 'the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.'") (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)). Accordingly, the Court will enter a judgment of dismissal without prejudice.

  SO ORDERED.

_____
Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent